Hiester R. Gingrich, Appellant *v.* City of Lebanon, et al., Appellees.

Argued February 2, 1981, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Timothy D. Sheffey,* with him *James T. Reilly, Egli, Reilly, Wolfson & Feeman,* for appellant.

*Samuel G. Weiss, Jr., Weiss, Weiss & Weiss,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., March 18, 1981:

Appellant has petitioned for review of the order of the Court of Common Pleas of Lebanon County dismissing his complaint in assumpsit and trespass against the City of Lebanon (City), its Mayor and several members of city council.

That complaint alleged, *inter alia,* that the City of Lebanon breached its obligation to appellant during the course of his tenure as Chief of Police for the City by allowing the labor contract dated December 13, 1976 to lapse. That agreement which was entered into between the City and the Lebanon Police Department provided insurance coverage for members of the collective bargaining unit against tort liability incurred within the course of their employment and for the costs and fees involved in the defense of lawsuits. The complaint further averred that the City negligently allowed the insurance coverage to lapse, thereby causing appellant to secure private counsel to defend himself in a lawsuit filed against him in September of 1977. Moreover, the complaint alleged that appellant as Chief of Police of the City of Lebanon was a member of the bargaining unit named in the

agreement, and as such was entitled to benefits under the contract dated December 13, 1976. Alternatively, the complaint averred that by allowing the insurance policy to lapse, the City became self-insured or non-insured. It, therefore, itself owed the appellant the obligation of providing protection from loss and for payment of costs and attorney's fees related to suits arising from the course of appellant's employment. Finally, the suit alleged that as a result of a civil suit filed on September 9, 1977 naming him as defendant, appellant incurred attorney's fees and court costs; and that appellant entered into a settlement agreement which required him to pay $1,000.00 to the plaintiff, all of which amounted to a total sum of $11,-536.16.

The background facts relating to the lawsuit in question are as follows: During March of 1977, appellant in his capacity as Chief of Police received an employment inquiry form from the Department of the Air Force at Chicago O'Hare International Airport concerning Michael J. DeLeo, a former Chief of Police of the City of Lebanon. Appellant completed this form and returned it. Apparently, because of the manner in which appellant answered the inquiry, the former Chief, DeLeo, filed suit on September 9, 1977 in the United States District Court for the Northern District of Illinois. That suit alleged that appellant communicated false and defamatory statements to other parties, injuring DeLeo's reputation for integrity, moral conduct and loyalty. Thereafter, on March 15, 1979, the above district court case was dismissed with prejudice following a Stipulation Agreement between the parties that provided for the payment of $1,000.00 to DeLeo.

Appellant's requests that the City of Lebanon provide him with defense counsel were denied by the City and all of its insurance carriers. Appellant then

requested the City to reimburse him for legal fees, costs and the amount of the settlement agreement. When this was refused, appellant filed the complaint in assumpsit and trespass in the court below. The lower court held that the collective bargaining agreement in question contains an exclusive grievance and arbitration procedure and that appellant has failed to exhaust his remedies under that agreement. Citing the case of *Falsetti v. Local Union No. 2026,* 400 Pa. 145, 161 A.2d 882 (1960), the lower court concluded that appellant's complaint must be dismissed on the basis of the theory that the court has no jurisdiction to entertain the action or, alternatively, on the theory that the complaint does not state a cause of action. We affirm.

At the outset, we must reject appellant's first contention that the court did not properly decide the jurisdictional question. The *Falsetti, supra,* case is dispositive of that question and was properly applied and interpreted by the court below. That case held that where a collective bargaining agreement creates an exclusive grievance and arbitration procedure, the wrong done the employer may only be redressed by the union, and only under the procedure specified in the contract. Article XIX of the subject collective bargaining agreement outlines the procedure which must be followed for resolving disputes.

That provision provides that in the event the ordinary grievance procedure is considered unsatisfactory by either party, each party shall appoint an arbitrator and notify the City personnel officer of its choice within 10 days. The provision states further:

> The appointed arbitrators within 10 days shall discuss the grievance and if they are unable to come to a satisfactory settlement, select an impartial arbitrator. Any decision on the

grievance by the two appointed arbitrators shall be final and binding on both parties to this Agreement. If the appointed arbitrators are unable to agree on the impartial arbitrator they should submit the grievance to the American Arbitrators Association for further consideration.

The impartial arbitrator shall issue his decision as soon as practical and his decision shall be final and binding on both parties to this Agreement. The arbitrator shall not add to, subtract from or modify the specific provisions of this Agreement.

Appellant contends that the grievance procedure is not mandated by the agreement, but merely sets forth the steps of the grievance procedure should that remedy be chosen by the grievant. We cannot agree. We read the pertinent provisions of the contract to require the grievant to pursue procedures and binding arbitration as the *exclusive* remedy for resolving disputes arising under the terms of the collective bargaining agreement. Which brings us to appellant's final contention, namely that the complaint filed in the court below represents an action between insurer and beneficiary and is not a dispute arising from the collective bargaining agreement. We will address this issue by adopting the reasoning of the lower court. As was noted by the court below, if the City of Lebanon owed any duty to provide professional liability coverage to appellant or to indemnify him from tortious misconduct, that duty must arise out of the employment contractual relationship. We believe the instant dispute clearly arises out of the interpretation of the terms of the collective bargaining agreement as it relates to insurance coverage for liability incurred for acts during the scope of employment. Therefore, the resolution of the dispute

is governed exclusively by the remedy contained in that agreement. Since appellant has not exhausted his remedies under the agreement, we are constrained to conclude that the lower court's dismissal of appellant's complaint was proper and in accord with the clear rule of *Falsetti, supra.*

ORDER

AND Now, this 18th day of March, 1981, the order of the Court of Common Pleas of Lebanon County, dated January 4, 1980, dismissing appellant's complaint is affirmed.