566 A.2d 911

**UTICA MUTUAL INSURANCE COMPANY, a New York corporation, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, BUREAU OF WORKERS' COMPENSATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1989.

Decided Nov. 20, 1989.

Stacey F. Vernallis, with him, William Pietragallo, II, and Scott T. Redman, Pietragallo, Bosick & Gordon, Pittsburgh, for petitioner.

Janice L. Anderson, Deputy Atty. Gen., with her, Clavin R. Koons, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief of Litigation Section, and Ernest D. Preate, Jr., Atty. Gen., for respondent.

Before CRAIG and DOYLE, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

The facts which gave rise to this dispute involved a complaint by which Utica Mutual Insurance Company sought a declaratory judgment in this court's original jurisdiction, to hold that Utica's obligation under a surety bond with Mesta Machine Company was limited to $750,000.00, as approved in a letter from the Director of the Bureau of Worker's Compensation that authorized a reduction of the surety bond from the original amount of $2,000,000.00.

The parties engaged in discovery in accordance with the Rules of Civil Procedure, which Pennsylvania Rule of Appellate Procedure 106 makes applicable to actions brought in our original jurisdiction. A single-judge non-jury trial was conducted on May 3, 1989; on May 16, the presiding judge entered an order that granted the relief Utica sought in its declaratory judgment action.

On May 30, 1989 the bureau filed an "Application for Reargument" seeking relief from the May 16 order. Utica filed a motion to quash the bureau's application for reargument, claiming that the bureau should have filed post-trial motions in accordance with Pa.R.C.P. No. 227.1 instead of an application for reargument, and that the bureau's application was untimely if treated as a post-trial motion. A motions judge of this court denied Utica's motion, granted the bureau's request, and directed that the case be listed for argument before a panel of judges.

Utica challenges that decision, claiming that the judge erred in allowing the bureau to proceed under the rules applicable to appellate reargument, and that the judge

should have granted Utica's motion to quash the bureau's application as improper and untimely.

If the Rules of Appellate Procedure allow a party to file an application for reargument from a decision by a single judge acting in this court's original jurisdiction, a panel of this court properly could consider the merits of the bureau's application for reargument. If the Rules of Civil Procedure are applicable, we cannot address the merits of the case because the bureau did not file its post-trial motions within ten days of the judge's decision, as required by Pa.R.C.P. No. 227.1.

Both parties agree that Utica's action for declaratory judgment was within this court's original jurisdiction. Pa. R.A.P. 106 provides the relevant starting point. That rule states:

> *Unless otherwise prescribed by these rules* the practice and procedure in matters brought before an appellate court within its original jurisdiction shall be in accordance with the appropriate general rules applicable to practice and procedure in the courts of common pleas, so far as they may be applied. (Emphasis added.)

■ Contrary to the bureau's assertion, Chapter 25 of the Rules of Appellate Procedure, relating to post-submission procedure, and specifically Pa.R.A.P. 2541, relating to applications for reargument, do not prescribe any procedure for challenging a decision by a single judge of this court in an original jurisdiction proceeding. The only appellate rule which refers to applications for reargument of decisions by a single judge of this court is Pa.R.A.P. 3723. However, that rule applies to applications for reargument before the court en banc "as in petitions for review of determinations of government units ... determined ... upon the record made before the court, or in cases argued before a panel ...", thus indicating that it relates to appellate jurisdiction and not original jurisdiction matters.

■ Therefore, under Pa.R.A.P. 106, the Rules of Civil Procedure are applicable, and Pa.R.C.P. No. 227.1 requires

that post-trial motions be filed within ten days of a decision of a non-jury trial. Accordingly, the bureau's application, filed fourteen days after the judge issued the order, was untimely.

In the alternative, the bureau suggests that we should regard the application for reargument as a post-trial motion allowable nunc pro tunc.

■ Although a judge has broad discretion to allow untimely motions, *Wittig v. Carlacci*, 370 Pa.Superior Ct. 584, 537 A.2d 29 (1988), that power is not unbridled. For example, generally, a court can allow untimely post-trial motions when the opposing party has not objected, and when no prejudice results to the opposing party. *Wittig.*

■ Although specific equitable elements in a proceeding may support a decision to allow post-trial motions nunc pro tunc, in this case the judge allowed the motions to proceed only because he agreed with the bureau's argument concerning the applicability of the Rules of Appellate Procedure. Thus, he did not base his decision on the particular equities of the case, but on a legal conclusion.

Because the Rules of Civil Procedure provide the correct procedure a party must follow in seeking to challenge a decision of a single judge in an original jurisdiction proceeding in this court, and because no factual justification exists to excuse the bureau's untimely filing, we must treat the bureau's application for reargument as a post-trial motion under Pa.R.C.P. No. 227.1 and dismiss it as untimely.

## ORDER

NOW, November 20, 1989, the application of the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workers' Compensation is dismissed, and the order dated May 16, 1989, is hereby held to be final.