566 A.2d 378

**Mathias F. COYNE, Appellant,**

v.

**COUNTY OF ALLEGHENY, Appellee.**

**Floyd WEHRER, Appellant,**

v.

**COUNTY OF ALLEGHENY, Appellee.**

**Timothy CASEY, Appellant,**

v.

**COUNTY OF ALLEGHENY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1989.

Decided Nov. 22, 1989.

Michael J. Colarusso, with him, Ronald P. Koerner, Gatz, Cohen, Segal and Koerner, for appellants.

Caroline Liebenguth, Asst. County Sol., with her, Thomas H.M. Hough, Asst. County Sol., and James J. Dodaro, County Sol., for appellee.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

Appellants, Timothy Casey, Floyd Wehrer and Mathias Coyne, appeal the orders of the Court of Common Pleas of Allegheny County dismissing their civil actions [1] against appellee, the County of Allegheny, which actions alleged denial of benefits under the Heart and Lung Act [2]. The trial court found that it was without jurisdiction to resolve the actions. This conclusion was based upon the dispute resolution provisions of the collective bargaining agreement entered into pursuant to the Act of June 24, 1968, P.L. 237, No. 111 (Act 111), 43 P.S. § 217.1–217.10, between the County of Allegheny and the Allegheny County Police Association. We affirm.

Appellants are three Allegheny County police officers who were injured in separate occurrences while in the performance of their duties. Each of the police officers was rendered disabled for varying periods of time by the injuries. It is undisputed that each received his regular pay during his temporary incapacity. Civil actions were instituted, however, to recover fringe benefits allegedly lost while not at work due to the injuries. These fringe benefits include vacation pay, holiday pay, extra holiday pay, festive day pay and sick leave. All of the parties are bound by the terms of the collective bargaining agreement.

Because each of the police officers' claims was for an amount less than $20,000, the actions were filed in the Arbitration Division of the Allegheny County Court of Common Pleas. *See* Section 7361 of the Judicial Code, 42 Pa.C.S. § 7361; Pa.R.C.P. No. 1301; Allegheny County R.C.P. No. 1301. In its answer and new matter to each

1. These appeals were consolidated for oral argument and are considered together in this opinion.
2. Section 1 of the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637 (Supp.1989).

complaint, the County of Allegheny raised as a defense the respective police officer's failure to exhaust the remedies provided for in the collective bargaining agreement. The board of arbitrators appointed pursuant to Section 7361 of the Judicial Code entered awards in favor of Casey and Wehrer on their claims under the Heart and Lung Act. In the action filed by Coyne, however, an award was entered in favor of the County of Allegheny. Timely appeals from the awards of the arbitrators to the court of common pleas were filed by the parties aggrieved by the awards.

Thereafter a non-jury trial de novo was held. *See* Section 7361(d) of the Judicial Code, 42 Pa.C.S. § 7361(d). The trial was limited to determining whether the dispute resolution provisions of the collective bargaining agreement applied to the police officers' claims. The trial judge found the dispute resolution provisions applicable and dismissed the police officers' claims for lack of jurisdiction. The decision of the trial court, dated December 30, 1988, was entered on January 4, 1989. "Exceptions" to the decision were filed on January 25, 1989. An appeal to this court was taken on January 30, 1989.

The issue presented for our review is whether the trial court erred as a matter of law in concluding that the police officers' claims are subject to the dispute resolution provisions of the collective bargaining agreement.

Preliminarily we are compelled to address the procedural irregularities in this case. Pennsylvania Rule of Civil Procedure No. 227.1 requires a party seeking post-trial relief to file post-trial motions within ten days of "the filing of the decision or adjudication in the case of a trial without jury". Pa.R.C.P. No. 227.1(c)(2). In this case, "Exceptions", *see* Pa.R.C.P. No. 227, not post-trial motions, were filed twenty-one days after the entry of the trial court's decision. Although there was no error in the trial court treating the "Exceptions" as post-trial motions, there remains the issue of the untimeliness of the motions. If the failure to file timely post-trial motions is jurisdictional, the police officers' appeals must be dismissed.

■ In *Wittig v. Carlacci*, 370 Pa. Superior Ct. 584, 537 A.2d 29 (1988), the Pennsylvania Superior Court was confronted with this same issue. In that case, post-trial motions were not filed until eighteen days after the trial court's adjudication. In the absence of an objection to the untimely filing of the post-trial motions, the trial court addressed the merits of the issues raised in the motions. The Superior Court stated that Pa.R.C.P. No. 227.1 "is a procedural rule; it is not jurisdictional. A trial court has broad discretion to entertain untimely procedural motions". *Wittig*, 370 Pa. Superior Ct. at 586, 537 A.2d at 30. Because the trial court in *Wittig* exercised its discretion to address the issues raised in the post-trial motions, the issues were preserved for appellate review. We agree with the reasoning of the Superior Court.[3]

In the present action, the trial court, after noting the untimeliness of the post-trial motions, proceeded to address the merits of the issue presented in the post-trial motions. Because the trial court addressed the merits of the issue raised in the post-trial motion, it is preserved for appellate review.

■ The purpose of the Heart and Lung Act is to provide important public safety personnel with full compensation while the personnel are temporarily disabled by work-related injuries. *Organ v. Pennsylvania State Police*, 112 Pa. Commonwealth Ct. 352, 357, 535 A.2d 713, 715 (1988). In pertinent part, the Heart and Lung Act provides:

> [A]ny policeman ... of any county ... who is injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties,

**3.** The Superior Court in *Wittig* identifies the absence of an objection and prejudice as the salient factors to be considered by the trial court in exercising its discretion to decide issues presented by untimely post-trial motions. In deciding whether to address the merits of an untimely post-trial motion, we believe that it is also appropriate for the trial court to consider the reason for the moving party's delay in filing the post-trial motions. In any event, we make it clear that the late filing of post-trial motions is not condoned and that a party filing untimely post-trial motions takes the risk that the trial court will not address the merits of the issues raised in the motions.

shall be paid ... by the county ... by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased.

Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a) (Supp.1989). Recognizing that a trial court does not have jurisdiction in a civil action where the dispute arises under the terms of a collective bargaining agreement which contains an exclusive dispute resolution procedure, *Gingrich v. City of Lebanon*, 57 Pa. Commonwealth Ct. 594, 427 A.2d 278 (1981), the police officers contend that their disputes with the County of Allegheny arise under the Heart and Lung Act and not under the collective bargaining agreement. Therefore, they reason, the trial court did have jurisdiction to decide the police officers' claims. We believe the police officers' argument would have some merit if the Heart and Lung Act did not require us to resort to the terms of the collective bargaining agreement in order to determine the police officers' rights under the Heart and Lung Act. Because the Heart and Lung Act and the collective bargaining agreement are inextricably connected, however, we must affirm the orders of the trial court.

The argument made by the police officers in this case is similar to the one we rejected in our recent opinion in *Borough of Philipsburg v. Bloom*, 123 Pa. Commonwealth Ct. 357, 554 A.2d 166 (1989). In that case, three police officers employed by the Borough of Philipsburg were discharged from their employment. At the time of their discharge, the collective bargaining agreement, to which the police officers were a party, had expired. The police officers instituted a civil action alleging, in relevant part, that their discharge was in violation of Section 1190 of The Borough Code,[4] 53 P.S. § 46190. The Borough argued that Act 111 required the police officers to submit their claims to arbitration. Alternatively, the Borough maintained that arbitration was required by the terms of the expired collective bargaining agreement. The police officers in *Bloom*,

---

4. Act of February 1, 1966, P.L. (1965) 1656, *as amended.*

like the police officers in this case, contended that their causes of action were not based on the collective bargaining agreement and, therefore, the grievance procedures in the collective bargaining agreement were inapplicable. Although we rejected the Borough's argument that Act 111 requires all claims of police officers to be resolved by arbitration, we held that the terms of the collective bargaining agreement did require the dispute to be arbitrated.

Under the Heart and Lung Act, the police officers in the present case have the right to be paid their "full rate of salary, as fixed by ordinance or resolution". The parties do not argue that there exists, separate and apart from the collective bargaining agreement, a county ordinance or resolution fixing the police officers' salaries. Indeed, both parties have proceeded under the assumption that the collective bargaining agreement is the resolution adopted by the county. That being the case, the language of the Heart and Lung Act entitles the police officers to be paid their full rate of salary, as fixed by the collective bargaining agreement. It thus becomes necessary to interpret the collective bargaining agreement in order to determine the "salary" of the police officers.

The collective bargaining agreement includes a dispute resolution provision whereby the parties have agreed that "a dispute arising out of the interpretation or application of the provisions" of the collective bargaining agreement must be subject to the grievance procedure set forth in the collective bargaining agreement. In this case, there is no dispute that the Heart and Lung Act requires the County of Allegheny to pay the police officers their full rate of salary. Rather, the disagreement concerns whether the police officers are entitled to the above-listed fringe benefits as part of their "salary". The police officers' entitlement to these benefits depends upon the language of the collective bargaining agreement. For that reason, the police officers' claims are disputes arising out of the interpretation of the collective bargaining agreement. Under the terms of the collective bargaining agreement, such a dispute must be

resolved through the grievance procedures provided for in the collective bargaining agreement. Accordingly, we affirm the trial court's finding that the police officers failed to exhaust the remedies provided for in the collective bargaining agreement and that the trial court was without jurisdiction to resolve the police officers' claims.

## ORDER

NOW, November 22, 1989, the orders of the Court of Common Pleas of Allegheny County, dated December 30, 1988, at Nos. 10143 of 1986, 10146 of 1986 and 10145 of 1986, are affirmed.