598 A.2d 325

**Joseph A. GALLAGHER, Appellant,**

**v.**

**BENSALEM TOWNSHIP and The Bensalem Township Board of Supervisors, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 13, 1991.

Decided Oct. 3, 1991.

Reargument Denied Nov. 26, 1991.

William F. Coyle, for appellant.

Laurence L. Smith, for appellees.

Before DOYLE, and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The estate of Joseph A. Gallagher [1] (Gallagher) appeals from the order of the Court of Common Pleas of Bucks

1. Joseph A. Gallagher filed a claim in assumpsit for loss of earnings for the years 1978 to 1981 against Bensalem Township and The Bensalem Township Board of Supervisors in February, 1984. Galla-

County (trial court), dated October 17, 1990, which dismissed Gallagher's Petition for Leave to File Motion for Post–Trial Relief *nunc pro tunc* and his Motion for Post–Trial Relief as untimely, with prejudice.

Gallagher served as a police officer for Bensalem Township from 1953 until February 1, 1978, when he retired pursuant to the Township's mandatory retirement policy. During his retirement he received his full pension. Gallagher became re-employed on September 14, 1981 due to a change in the policy of Bensalem Township. In February, 1984, Gallagher filed a claim in assumpsit for loss of earnings during the time he was forced into retirement (1978 to 1981); thereafter, he retired voluntarily. Gallagher died in March, 1985 and his estate continued with the claim.

The case was tried non-jury on stipulated facts on March 5, 1990. Counsel for both parties waived oral argument and agreed to submit arguments on brief. (R.R. p. 104.) On June 7, 1990, the verdict was entered in favor of the defendants. Notice of the filing of the trial court's order was given on June 11, 1990.[2] On June 29, 1990, Gallagher filed a Petition for Leave to File Motion for Post–Trial Relief *nunc pro tunc* and a Motion for Post–Trial Relief. Before any action was taken on the petition, Gallagher filed an appeal to this Court on July 5, 1990.

While the appeal to this Court was pending, the defendant, on July 23, 1990, filed a "Motion to Strike and/or Response in Opposition to Plaintiff's Petition" alleging that, pursuant to Pa.R.A.P. 1701(a), the trial court was divested of jurisdiction to act on Gallagher's Petition for Leave to File Motion for Post–Trial Relief *nunc pro tunc* and, secondly, that Gallagher's Motion for Post–Trial Relief was untimely since it was not filed within 10 days from the date

gher died on March 4, 1985; thereafter the estate was substituted as the party in interest.

2. Gallagher admitted in paragraph 2 of his Petition for Leave to File Motion for Post-trial Relief *nunc pro tunc* that the verdict of the court in favor of the defendant was communicated to the plaintiff on June 11, 1990.

of notice of the trial court's order and was therefore in violation of Pa.R.C.P. 227.1. Gallagher thereafter withdrew his appeal to this Court on August 27, 1990, thus permitting the trial court to act on Gallagher's Petition for Leave to File Motion for Post–Trial Relief *nunc pro tunc* and his Motion for Post–Trial Relief, and on the defendant's response to both petitions.

On October 17, 1990, the trial court entered an order dismissing Gallagher's petition and post-trial motion as untimely. The trial court determined that Gallagher's reason for delay in filing the petition and motion, namely that counsel inadvertently placed this matter in his diary 30 days after the verdict instead of 10 days after, was inexcusable. We agree and affirm the trial court.

Pa.R.C.P. 227.1(c)(2) requires that post-trial motions be filed within 10 days after notice of the filing of a decision in the case of a non-jury trial. In the present matter, the trial court entered its verdict for the defendants on June 7, 1990 and notice of the verdict was given on June 11, 1990. Gallagher filed the petition and post-trial motion on June 29, 1990, 18 days after notice of the filing of the decision.

Gallagher argues that the trial court abused its discretion by dismissing his petition and post-trial motion because the trial court can exercise its discretion to consider untimely filed post-trial motions, and cites *Coyne v. County of Allegheny*, 129 Pa.Commonwealth Ct. 554, 566 A.2d 378 (1989) in support of his argument.

In *Coyne*, this court determined that an issue raised in an untimely filed post-trial motion was preserved for appellate review because the trial court, after noting the untimeliness of the motion, addressed the merits of the issue presented in the motion. The appellants in *Coyne* were three police officers who instituted civil actions against Allegheny County to recover fringe benefits allegedly lost while not at work due to injuries. After determinations were made by the Arbitration Division of the Allegheny County Court of Common Pleas, timely appeals were taken to the court of common pleas by the aggrieved parties. A non-jury trial *de*

*novo* was held. The trial court's decision, dated December 30, 1988, was entered on January 4, 1989. "Exceptions" to the decision were filed on January 25, 1989, 21 days later. The trial court treated the "Exceptions" as post-trial motions and noted their untimeliness, but proceeded to address the merits of the issue raised. This Court determined that the trial court did not err by treating the "Exceptions" as post-trial motions. We then addressed the question of the timeliness of the post-trial motion and determined that if the failure to file timely post-trial motions is jurisdictional, the appeals must be dismissed. We stated:

> In *Wittig v. Carlacci*, 370 Pa.Superior Ct. 584, 537 A.2d 29 (1988), the Pennsylvania Superior Court was confronted with this same issue. In that case, post-trial motions were not filed until eighteen days after the trial court's adjudication. In the absence of an objection to the untimely filing of the post-trial motions, the trial court addressed the merits of the issues raised in the motions. The Superior Court stated that Pa.R.C.P. No. 227.1 "is a procedural rule; it is not jurisdictional. A trial court has broad discretion to entertain untimely procedural motions". *Wittig,* 370 Pa.Superior Ct. at 586, 537 A.2d at 30. Because the trial court in Wittig exercised its discretion to address the issues raised in the post-trial motions, the issues were preserved for appellate review. We agree with the reasoning of the Superior Court.[3]

> ---
> [3] The Superior Court in Wittig identifies the absence of an objection and prejudice as the salient factors to be considered by the trial court in exercising its discretion to decide issues presented by untimely post-trial motions. In deciding whether to address the merits of an untimely post-trial motion, we believe that it is also appropriate for the trial court to consider the reason for the moving party's delay in filing the post-trial motions. In any event, we make it clear that the late filing of post-trial motions is not condoned and that a party filing untimely post-trial motions takes the risk that the trial court will not address the merits of the issues raised in the motions.

> (129 Pa.Commonwealth Ct. at 558, 566 A.2d at 379–380.) (Footnote in original.)

In *Wittig,* the trial court's adjudication was dated December 5, 1986 but the prothonotary's docket failed to disclose

that notice of the filing of the trial court's decision was ever given to the appellants or their counsel. The appellants filed a motion for post-trial relief on December 23, 1986. The trial court recognized the fact that the docket failed to disclose whether and when notice of the adjudication was given to the appellants, and the trial court stated specifically that the post-trial motion was timely filed. The Superior Court noted that the appellees neither objected nor alleged prejudice because of the date on which the post-trial motion was filed and determined that the trial court could consider the merits of the post-trial motion and thereby preserve such issues for appellate review, as it did.

In *Utica Mutual Insurance Co. v. Department of Labor and Industry, Bureau of Workers' Compensation,* 129 Pa.Commonwealth Ct. 637, 566 A.2d 911 (1989), *aff'd per curiam,* 527 Pa. 359, 591 A.2d 1052 (1991), an Application for Reargument was filed 14 days after a decision was entered by a single judge of this court sitting in an original jurisdiction proceeding. In response, the opposing party, the petitioner, filed a Motion to Quash, claiming that a post-trial motion in accordance with Pa.R.C.P. 227.1 should have been filed instead of an Application for Reargument, and further that the application was untimely if treated as a post-trial motion. The Application for Reargument was granted by a motions judge of this Court. The issue was subsequently listed for argument before a panel of judges. We then determined before the panel sitting as an en banc trial court, that the Rules of Civil Procedure, not the Rules of Appellate Procedure, are applicable to post-trial motions with respect to the decision of a single judge in an original jurisdiction proceeding. We further noted that the judge had granted the Application for Reargument only because he agreed with the respondent that the Rules of Appellate Procedure applied and thus he did not base his decision on the particular equities of the case but, instead, on a legal conclusion. Therefore, we dismissed the respondent's Application for Reargument as untimely.

■ We have no dispute with the principle that a trial court may exercise its discretion to address an untimely filed post-trial motion if the adverse party has no objection to the untimeliness and states so on the record. The adverse party is the one to be hurt by the trial court's action in addressing an untimely filed post-trial motion; however, if that party does not oppose it, then, absent any expression from our Supreme Court to the contrary, we will not *sua sponte* raise the untimeliness of the post-trial motion.

■ In the present case, however, there was a specific objection to the untimely filed petition and post-trial motion and the trial court declined to grant the petition and to address the motion. Accordingly, before granting relief where there is an objection, we must look at the nature of the default and whether prejudice will result to the adverse party by forgiveness of the breach of the rule. We note that prejudice does result to a party who now is put to the task of defending himself where there is no good reason for the default and where he is required to forfeit a right (in this case, the right to have the judgment entered) by reason of the opposing party's failure to timely file a post-trial motion; further prejudice resulted to the defendants in this case (a municipal body and governing agency) by being required to respond to the earlier improperly filed appeal to this Court.

In the present case, the reason for the delay in filing, as set forth in Paragraph 4 of the Petition for Leave to File Motion for Post-trial Relief *nunc pro tunc*, is "Plaintiff's counsel inadvertently placed this matter on his diary 30 days after verdict instead of 10 days thereafter." (R.R. p. 114.)

In *Stokes v. Thiemann*, 296 Pa.Superior Ct. 112, 442 A.2d 322 (1982), an action was filed in assumpsit and trespass and a verdict was rendered for the plaintiff after a jury trial on December 14, 1979. Thereafter, the defendants attempted to settle the dispute by tendering an amount less than the jury verdict and the plaintiff refused. One month after the verdict, the defendants filed post-trial motions; the trial

court refused to allow the untimely post-trial motions. Upon review, the Superior Court held that the trial court did not abuse its discretion in refusing to allow the defendants to file untimely post-trial motions, because the explanation by counsel that he was attempting to settle the amount due the other party and that he believed he would not prejudice his clients' right to appeal by thus delaying did not reach the level of a legally cognizable excuse for delay in complying with the mandatory, unambiguous rule, and because there was no written agreement or order of the court to extend the filing period so that the rule providing that "the time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court" (Pa.R.C.P. 248) did not apply.

Likewise, we hold that counsel's mistake in determining the deadline for filing post-trial motions in the present case is not a legally cognizable excuse which would warrant noncompliance with Rule 227.1, and the resulting prejudice to the objecting adverse party, acceptable. The Rules of Civil Procedure should not be treated lightly by attorneys or the courts and deviation should only be permitted for sound reason.[3]

Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, this 3rd day of October, 1991, the order of the Court of Common Pleas of Bucks County, dated October 17, 1990, is affirmed.

---

**3.** As stated by Justice Papadakos in a concurring opinion in *Hoare v. Bell Telephone Co. of Pennsylvania,* 509 Pa. 57, 61–62, 500 A.2d 1112, 1114 (1985):

> I join the majority but write separately to express my deep concern for the cavalier manner in which lawyers, trial courts, and even appellate courts, have come to regard our Rules of Civil Procedure. More and more, the Rules are being ignored or violated in a laissez-faire attitude of "so-whatism." ... Such adherence to our Rules of Civil Procedure is not exalting form over substance, rather it guarantees uniformity of practice before all the Courts of the Commonwealth and the assurance that all parties are similarly dealt with by our legal system.