591 A.2d 1137

**William HUFFMAN, Appellant,**

v.

**BOROUGH OF MILLVALE, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided April 26, 1991.

Reargument Denied July 1, 1991.

Joseph S. Hornack, Healley Whitehill, Pittsburgh, for appellant.

Lee V. Price, with him, Alfred C. Maiello, Maiello, Andrews & Price, Pittsburgh, for appellee.

Before COLINS and PALLADINO, JJ., and NARICK, Senior Judge.

COLINS, Judge.

William Huffman (Huffman) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed Huffman's cause of action and sustained the Borough of Millvale's (Borough) preliminary objections. The trial court concluded that: (1) the Wage Payment and Collection Law (Law) [1] does not apply to municipalities and, therefore, Huffman had no cause of action based on these grounds; and (2) the trial court lacked jurisdiction, reasoning that the parties should have resorted to an arbitration proceeding to resolve issues related to benefits to be claimed under the Heart and Lung Act (Act), Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. § 637. We affirm. [2]

---

[1]. Act of July 14, 1961, P.L. 114, *as amended,* 43 P.S. §§ 260.1–260.45.

[2]. Preliminary objections in the nature of a demurrer admit all well-pleaded facts in the pleading attacked as well as all reasonable inferences deducible therefrom and cannot be sustained unless it is clear on the face of the pleading that the law will not permit the recovery sought, resolving all doubts in favor of overruling the demurrer.
*Township of South Fayette v. Bloom,* 73 Pa.Commonwealth Ct. 495, 506 n. 7, 459 A.2d 41, 46 n. 7 (1983).

On August 25, 1984, Huffman, a police officer, was injured in the line of duty. As a result, he suffered a temporary disability and was paid workmen's compensation benefits from August 25, 1984 to November 23, 1988, and benefits under the Act from August 25, 1984 to April of 1988. Huffman filed a complaint against the Borough alleging that the Borough failed to pay him his full rate of salary during the time he was disabled. Huffman's major contention was that the Borough failed to compensate him for holiday and vacation leave and sick leave benefits which he bargained for in his collective bargaining agreement.

■ The first issue which we will address pertains to whether the Law applies to municipalities. Huffman argues that a borough can be considered an "employer" under the Law and, therefore, he asserts that he has a cause of action under this Law. Section 2.1 defines "employer" for the purposes of the Law.[3] " 'Employer': Includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." Boroughs are not included within the definition of an "employer" under the Law. However, Huffman argues that the legislature intended to include public employees among the potential plaintiffs who could benefit from the Law, and he argues that we should broadly read the definition of "employer" to include municipal corporations, such as the Borough. However, in construing the statute, we must give effect to the legislature's intent as it was expressed in the language of the statute and cannot supply an omission in a statute where it appears that the matter has been intentionally omitted. *Kusza v. Maximonis,* 363 Pa. 479, 70 A.2d 329 (1950). *See also Smith v. Harleysville Insurance Company,* 275 Pa.Superior Ct. 246, 418 A.2d 705 (1980), *aff'd,* 494 Pa. 515, 431 A.2d 974 (1981).

3. 43 P.S. § 260.2a.

■ Municipal corporations such as the Borough are not included within the definition of "employer," and we, as an appellate court, cannot expand the definition of "employer" to include them.[4] There is a clear distinction between municipal and private corporations and, if the legislature wished that municipal corporations be covered by the Law, it could have easily included them. We apply the legal maxim, *expressio unius est exclusio alterius* which directs that the mention of a specific matter in a statute implies the exclusion of others not mentioned. *Samilo v. Pennsylvania Insurance Department*, 98 Pa.Commonwealth Ct. 232, 510 A.2d 412 (1986).

Therefore, the Law does not apply to the Borough, and we hold that the trial court properly sustained the Borough's preliminary objections, reasoning that Huffman failed to state a claim upon which relief could be granted.

The second issue which we will address in this case pertains to whether the trial court properly dismissed Huffman's case for lack of jurisdiction. The trial court reasoned that Huffman's dispute should have been resolved pursuant to the arbitration proceedings agreed upon in the Collective Bargaining Agreement entered into pursuant to the Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10 (Act 111).

■ Huffman argues that he is entitled to benefits under the Act, the purpose of which is to "provide ... public safety personnel with full compensation while the personnel are temporarily disabled by work-related injuries." *Coyne v. County of Allegheny*, 129 Pa.Commonwealth Ct. 554, 558, 566 A.2d 378, 380 (1989), *petition for allowance of appeal denied*, 525 Pa. 649, 581 A.2d 574 (1990). Heart and lung benefits are based on an employee's

---

4. We analogize Section 102 of the Public Utility Code, 66 Pa.C.S. § 102, which defines "corporations" to include "[a]ll bodies corporate, joint-stock companies, or associations, domestic or foreign, their lessees, assignees ..., but shall not to include municipal corporations...." Later, the Public Utilities Law defines "municipal corporations" as "[a]ll cities, boroughs, towns, townships, or counties of this Commonwealth...."

rate of salary and benefits, which are defined in an employee's collective bargaining agreement. Therefore, the terms of the collective bargaining agreement govern disputes pertaining to salary and benefits. Where the agreement states that arbitration is the exclusive forum for resolution of disputes based on the agreement's terms, the trial court does not have jurisdiction. *Id. See also Borough of Philipsburg v. Bloom,* 123 Pa.Commonwealth Ct. 357, 554 A.2d 166 (1989), *aff'd without opinion,* 524 Pa. 588, 574 A.2d 602 (1990). Thus, we must examine the terms of the Collective Bargaining Agreement to determine whether arbitration is the exclusive forum for resolution of this case. The Collective Bargaining Agreement states: "If the [Grievance] Committee shall fail to secure satisfaction from the chairman ... the matter shall then be submitted to arbitration as provided by law." This statement clearly indicates that arbitration was the bargained-for forum for dispute resolution between Huffman and the Borough.

Therefore, we agree with the trial court's conclusion that Huffman should have resorted to an arbitration proceeding to resolve his dispute and that the trial court lacked jurisdiction in this matter. Therefore, we affirm the trial court's order sustaining the Borough's preliminary objections in this matter.

## ORDER

AND NOW, this 26th day of April, 1991, the order of the Court of Common Pleas of Allegheny County sustaining the Borough of Millvale's preliminary objections in the above-captioned matter is affirmed.