621 A.2d 1105

**Allan SIDLOW and Delaware County Lodge No. 27 Fraternal Order of Police, Appellants,**

**v.**

**TOWNSHIP OF NETHER PROVIDENCE, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1991.

Decided Feb. 9, 1993.

---

**3.** *See* Section 305 of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 501.

S. Stanton Miller, Jr., for appellants.

R. Scott Kauffman, for appellee.

Before DOYLE and PELLEGRINI, Judges, and LORD, Senior Judge.

DOYLE, Judge.

This is an appeal by Allan Sidlow and the Delaware County Lodge No. 27 Fraternal Order of Police (Union) from an order of the Court of Common Pleas of Delaware County denying their petition for peremptory judgement and dismissing their complaint in mandamus.

Sidlow was employed as a police officer by the Township of Nether Providence (Township) when, on October 30, 1989, he suffered a myocardial infarction allegedly due to certain stressful encounters connected with his work. Consequently Sidlow was forced to miss ninety-nine days of scheduled work during the period from October 30, 1989 to March 6, 1990.[1] The Township charged those days against Sidlow's accumulated sick leave (96 days) and annual vacation leave (3 days). Sidlow then asked the Township to restore credit for his sick and vacation leave and pay him benefits under what is commonly referred to as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637, 638. The Township apparently did not respond to this request.

Sidlow then filed the instant action in mandamus contending that, pursuant to Section 1 of the Heart and Lung Act, the Township was statutorily obligated to pay him his full

---

1. Sidlow's last day of work was October 19, 1989, when, he alleges in his brief, he "experienced an episode of chest discomfort while responding to a violent domestic argument." Yet, in paragraph 6 of Sidlow's complaint his allegation is that he missed 99 days of work "beginning October 30, 1989, and ending March 6, 1990." While we may take judicial notice that there are more than 99 days between the two dates asserted, we also acknowledge the fact that the 99 days of missed work might be subsumed within that period, or the beginning date may actually be October 20, 1989.

rate of salary for his period of disability and that it acted wrongfully when it instead forced him to use his sick and vacation leave.[2] He therefore sought an order directing the Township to restore his sick and vacation days and to pay his attorney's fees. He also filed a petition for peremptory judgment averring that his right to relief was clear. While the mandamus action was pending the Township offered to give Sidlow a hearing on his entitlement to benefits. Sidlow declined the offer for reasons not of record although it appears he believed that the proper forum was the court of common pleas. The trial court denied the petition for peremptory judgment and dismissed the complaint.[3] The essential basis for the trial court's determination was its belief that other adequate remedies were available to Sidlow thus making mandamus inappropriate.[4] Among the remedies it perceived as available to Sidlow were a hearing before the Township Board of Commissioners held pursuant to Section 553 of the Local Agency Law, 2 Pa.C.S. § 553; a hearing under The Pennsylvania Workmen's Compensation Act;[5] and a griev-

**2.** Under Section 1 of the Heart and Lung Act, 53 P.S. § 637, certain types of employees, including township police officers, are entitled to receive their "full rate of salary" if they are temporarily disabled due to a work-related injury. Section 2 of the Act, 53 P.S. § 638, provides:

No absence from duty of any such policeman or fireman by reason of any such injury shall in any manner be included in any period of sick leave, allowed such policeman or fireman by law or by regulation of the police or fire department by which he is employed.

**3.** We note that the denial of peremptory judgment is an interlocutory order and is not appealable. *Penn Advertising, Inc. v. Kring*, 129 Pa.Commonwealth Ct. 402, 565 A.2d 1238, n. 1, (1989), *petition for allowance of appeal denied*, 525 Pa. 622, 577 A.2d 893 (1990). We shall, however, in the exercise of our discretion, treat it as a motion for summary judgment in order to move these proceedings along since for purposes of the jurisdictional issue before us there are no material facts in dispute. *See id.* We note that the Township did file a cross motion for summary judgment which was apparently never disposed of by the trial court.

**4.** Mandamus is only proper to compel a ministerial act or mandatory duty where the plaintiff demonstrates a clear legal right to relief and a correspondingly clear duty on the part of the defendant and there is no other adequate remedy at law. *Delaware River Port Authority v. Thornburgh*, 508 Pa. 11, 493 A.2d 1351 (1985).

**5.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

ance procedure under the applicable collective bargaining agreement. We must now decide whether the mandamus complaint was properly dismissed, which, in turn, places before us for the first time the issue of which tribunal, or tribunals, are the proper forums to adjudicate claims under the Heart and Lung Act.

We begin our analysis with the recognition that the legislation which created Heart and Lung Act benefits did not establish or identify any forum to adjudicate the right to those benefits. Consequently, the question of what tribunal has the authority to grant or terminate Heart and Lung Act benefits has repeatedly been litigated.[6]

We explained in *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 153 Pa.Commonwealth Ct. 403, 621 A.2d 1111 (No. 931 C.D.1991, filed February 9, 1993), that the Workmen's Compensation authorities have no power to adjudicate Heart and Lung Act benefit questions despite their seeming expertise in this general area because no statute so empowers them to do so. We have also held that there is no requirement that an injured employee pursue his or her rights under the Workmen's Compensation Act before being entitled to receive Heart and Lung Act-type benefits.[7] *See Hardiman v. Department of Public Welfare*, 121 Pa.Commonwealth Ct. 120, 550 A.2d 590 (1988) (state mental hospital employee seeking benefits under what is colloquially known as Act 534[8] was not required to file, in addition, a workmen's

6. For a thorough discussion of this point, *see* Debra Punsky Rand, *Pennsylvania Heart and Lung Act: All Substance—No Forum*, 2 Widener J.Pub.L. 43 (1992).

7. We note that an employee who does receive workmen's compensation benefits while also receiving Heart and Lung Act benefits is statutorily obliged to turn over the workmen's compensation benefits to his employer to avoid his receiving a double recovery. Section 1(c) of the· Heart and Lung Act also provides that the statutes of limitations present in the workmen's compensation act "shall not begin to run until the expiration of the receipt of benefits pursuant to [the Heart and Lung] act."

8. Act of September 2, 1961 P.L. 1224. This act covers certain Department of Public Welfare employees and county board of assistance workers who are injured by their patients or clients. The employee's benefits under Act 534 are comparable with those authorized under the

compensation claim).  We have, however, recognized other forums as having jurisdiction over Heart and Lung Act matters depending upon the identity of the employer.  *See Wisniewski.*

We next consider whether this matter should properly go before an arbitrator under collective bargaining procedures.  In *Huffman v. Borough of Millvale,* 139 Pa.Commonwealth Ct. 349, 591 A.2d 1137 (1991), we held that an arbitration panel had jurisdiction to determine what constituted "full salary" under the Heart and Lung Act by reference to the term "salary" in the collective bargaining agreement.  Similarly, in *Coyne v. County of Allegheny,* 129 Pa.Commonwealth Ct. 554, 566 A.2d 378 (1989), *petition for allowance of appeal denied,* 525 Pa. 649, 581 A.2d 574 (1990), we held that arbitration procedures were proper where the question was whether certain fringe benefits were included within the injured employee's salary.  Unlike *Huffman* and *Coyne,* however, the case before us now does not concern the question of *what* constituted Sidlow's full salary for purposes of the Heart and Lung Act; here the issue concerns whether Sidlow is entitled to *any Heart and Lung Act benefits at all* and we see nothing in the collective bargaining agreement which vests jurisdiction of such an issue with the arbitrator.

The Township, relying on *Wydra v. Swatara Township,* 136 Pa.Commonwealth Ct. 164, 582 A.2d 710 (1990), maintains that its Board of Supervisors is the appropriate forum to adjudicate Sidlow's claim.  We disagree that *Wydra* is dispositive, but do agree that the Township had jurisdiction to adjudicate the issue.  In *Wydra* we indicated in dicta that where a township police officer had been dismissed due to a work-related injury which prevented him from performing his job duties, a local civil service commission hearing the dismissal action has ancillary jurisdiction to decide the attendant Heart and Lung Act questions.  Here, there was no dismissal or other similar personnel action, so ancillary jurisdiction could not lie with any such civil service tribunal.  We believe,

Heart and Lung Act, and the employee can receive his full salary if the disability is temporary.

however, that under *Camaione v. Borough of Latrobe,* 113 Pa.Commonwealth Ct. 113, 536 A.2d 500 (1988), *rev'd on other grounds,* 523 Pa. 363, 567 A.2d 638 (1989), *cert. denied,* 498 U.S. 921, 111 S.Ct. 298, 112 L.Ed.2d 251 (1990), the local municipality does have authority to conduct a hearing on a Heart and Lung Act issue. In *Camaione,* the Borough unilaterally terminated Heart and Lung Act benefits in the context of involuntarily retiring the employee for economic reasons. We held that such action violated due process and that Camaione was entitled to a hearing *held by the Borough* on the question of whether his Heart and Lung Act benefits could properly be terminated. While our decision was reversed by the Supreme Court on the grounds that where the individual was involuntarily retired for economic purposes no due process matters as to Heart and Lung Act benefits were triggered,[9] nothing in the Supreme Court's opinion indicates disagreement with our determination that if a hearing had been required the Borough should have conducted it. We thus hold that jurisdiction here is with the Township which should conduct its hearing in accordance with Sections 551–555 of the Local Agency Law, 2 Pa.C.S. §§ 551–555, rather than with the common pleas court. We distinguish *City of DuBois v. Beers,* 120 Pa.Commonwealth Ct. 103, 547 A.2d 887 (1988), on the basis that while the trial court adjudicated a Heart and Lung Act question, its jurisdiction to do so was never challenged.

In summary, while the trial court properly denied the specific mandamus relief Sidlow sought, *i.e.,* the grant of Heart and Lung Act benefits, we believe that it erred in failing to direct that Sidlow bring his cause of action with the Township for a hearing under Sections 551–555 of the Local Agency Law.[10] Accordingly, our order shall direct that it do so.

9. The employee was given a hearing on the propriety of his involuntary retirement.

10. While Sidlow initially declined such a hearing, we do not believe his action constituted a waiver because of his apparent view that jurisdiction was with the common pleas court. As this opinion demonstrates, the solution was less than clear. Since we opine that the common

## ORDER

NOW, February 9, 1993, the order of Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed insofar as it denied Sidlow benefits on the basis that another adequate remedy existed to determine this issue. We hereby order the Township to provide Sidlow with a hearing under Section 553 of the Local Agency Law on the issue of his entitlement to Heart and Lung Act Benefits.

Jurisdiction relinquished.

This matter was argued before a panel consisting of DOYLE, PELLEGRINI, JJ., and BARBIERI, Senior Judge. Because of the conclusion of BARBIERI's, Senior Judge service, the case was submitted on briefs to LORD, Senior Judge for his consideration as a member of the panel.

PELLEGRINI, Judge, concurring.

I concur in the result only. This appeal is one of four interrelated appeals decided together clarifying the procedure to be used to adjudicate benefits under the Heart and Lung Act.[1] I do not disagree with the resolution of the core issue that entitlement to heart and lung benefits are determined in accordance with the procedures set forth in the Local Agency Law.[2] Where I part company is with certain inferences or conclusions contained in those opinions with which I disagree either because they need not be made or are erroneous. Those inferences and conclusions are:

- unnecessarily purports to "sanction" certain administrative agencies to have jurisdiction to hear Heart and Lung Act cases when jurisdiction is conferred by the

pleas court does not have jurisdiction over the claim, Sidlow should be given the opportunity to litigate this case on the merits.

1. Those other cases are: *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 153 Pa.Commonwealth Ct. 403, 621 A.2d 1111 (1993); *Kohut v. Workmen's Compensation Appeal Board (Township of Forward and Old Republic Insurance Company)*, 153 Pa.Commonwealth Ct. 382, 621 A.2d 1101 (1993); *Adams v. Lawrence Township Board of Supervisors*, 153 Pa.Commonwealth Ct. 418, 621 A.2d 1119 (1993).

2. Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754.

Local Agency Law by the agency that initially made the decision. (*Wisniewski* and *Sidlow*.)[3]

● determinations made in Heart and Lung Act proceedings before a "local agency" are determinative of the same issues in a Workmen's Compensation Act proceeding and vice-versa. (*Kohut*).

● infers that the right to benefits conferred on the individual worker may be affected by the terms of a collective bargaining agreement. (*Sidlow*).

## I.

What is commonly called the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–638, imposes the duty on governmental agencies employing certain public safety employees to provide them with full compensation while they are temporarily disabled due to work-related injuries. *Organ v. Pennsylvania State Police*, 112 Pa.Commonwealth Ct. 352, 535 A.2d 713 (1988). The Heart and Lung Act is not intended to displace the Workmen's Compensation Act or the Occupational Disease Act, and covers only those disabilities where the injured employee is expected to recover and return to his or her position in the foreseeable future. *Cunningham v. Pennsylvania State Police*, 510 Pa. 74, 507 A.2d 40 (1986). Just like many other mandated benefits, the Heart and Lung Act only requires that benefits be paid, and does not establish a system as to how the Act should be administered.

Because the Heart and Lung Act mandates that benefits be paid to covered employees, a corresponding right is conferred in those employees to receive those benefits. The method by which a local government may grant or deny any right, when not specified or established by legislation, is set forth in the Local Agency Law.[4] 2 Pa.C.S. § 101 defines "adjudication" as:

---

**3.** *Wisniewski* is incorporated by reference into *Sidlow*.

**4.** The Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704, contains provisions similar to those set forth in the Local Agency Law.

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

Because the denial of heart and lung benefits is a determination involving a right or privilege, it is an adjudication within the Local Agency Law. 2 Pa.C.S. §§ 551–554 provides that the local agency that made the determination is to conduct a hearing on the adjudication before the adjudication is considered valid. *See Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981). 2 Pa.C.S. § 553 provides that:

No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony may be stenographically recorded and a full and complete record may be kept of the proceedings.

2 Pa.C.S. §§ 751–754 provides for judicial review of local agency determinations. 2 Pa.C.S. § 752 provides:

Any person aggrieved by an adjudication of a local agency who has a direct interest in such an adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals ...

2 Pa.C.S. § 751 provides for judicial review, even if the statute conferring the right expressly states that there should be no review or that the order of the local agency should be final and conclusive. *See Maritime Management, Inc. v. Pennsylvania Liquor Control Board,* 531 Pa. 95, 611 A.2d 202 (1992).

By enacting the Local Agency Law, the General Assembly provided for a "default" method of providing due process when the system and the forum were not set out in specific legislation. That method provides that the local agency responsible

for making the determination to grant or deny benefits is the forum that is responsible for conducting a due process hearing. As to heart and lung benefits, if the Borough Council is the local government agency that determines whether to grant or deny benefits, then the Local Agency Law fixes that body as the agency that is to hear the appeal. Only that agency and no other is sanctioned to be the forum.

## II.

In *Kohut*, a local agency determined that a covered employee's condition was no longer temporary and, accordingly, the employee was no longer entitled to heart and lung benefits. No appeal was taken from that determination. Because the employee was unable to return to work because his condition was unresolved, the Township discharged him. Subsequently, the Township sought to terminate claimant's workmen's compensation benefits because it alleged that the claimant had fully recovered from his work-related injury.

*Kohut* holds that the determination made in a heart and lung proceeding that a covered employee was no longer temporarily incapacitated collaterally estops the Township from arguing forever that claimant has fully recovered in a workmen's compensation proceeding. By doing so, *Kohut* introduces the concept that issue preclusion should act to bar relitigation of issues decided in a Heart and Lung Act proceeding to a Workmen's Compensation Act proceeding and vice-versa. As a result, work relatedness, causation and other determinations common to heart and lung and workmen's compensation proceedings will not be made by the tribunal entrusted with making the determination, but by the tribunal that issues its determination first. This holding is in error for several reasons.

Because the Heart and Lung Act and the Workmen's Compensation Act both serve to provide benefits to injured employees, there is a natural tendency to treat them the same. But they are two different acts with two different policies, and issue preclusion in determinations made in one forum to the other should be prohibited. As stated previously, the Heart

and Lung Act is not intended to displace the Workmen's Compensation Act or the Occupational Disease Act, Act of June 2, 1939, P.L. 566, *as amended*, 77 P.S. §§ 1201–1603, which covers prolonged or permanent disabilities, but is intended to cover only those disabilities where the injured employee is expected to recover and return to his or her position in the foreseeable future. *Cunningham.* Because the purpose of these Acts is to promote decidedly different public policies of the Commonwealth, it is inappropriate to apply issue preclusion to those issues decided by a tribunal determining whether either heart and lung benefits or workmen's compensation benefits should be awarded to the other. *Odgers v. Unemployment Compensation Board of Review*, 514 Pa. 378, 525 A.2d 359 (1987).

*Kohut* also holds that when there is a finding that an injury is no longer temporary, that finding is the same as finding that the injury is permanent and unresolvable. However, to terminate heart and lung benefits, it only has to be determined that the disability is "of indeterminate duration and recovery is not projected in the foreseeable future, it cannot be deemed to be 'temporary' within the meaning of the [Heart and Lung] Act." *Cunningham*, 510 Pa. at 81, 507 A.2d at 44. Even if collateral estoppel was available, it does not apply in this situation because the issue of what is temporary is different than saying that the condition is permanently unresolvable.

Not only are the purposes of the Workmen's Compensation Act different from those of the Heart and Lung Act, and the specific issue as to whether the injury is temporary different, thereby foreclosing the application of collateral estoppel, the Heart and Lung Act envisions that the governmental employer will administer the Act for covered employees while the Workmen's Compensation and Occupational Disease Acts mandate a uniform state administered system of benefits through which the right to benefits is determined. That state administered system also guarantees that those rights will solely be determined by referees and the Workmen's Compen-

sation Appeal Board unaffected by determinations made by local agencies.

For the foregoing reasons, findings made in a Heart and Lung Act case should not act to collaterally estop different findings made in a workmen's compensation proceeding or vice versa.[5]

## III.

I agree with the majority in *Sidlow* that arbitration is inappropriate to determine heart and lung benefits under the terms of the contract between the municipality and the police union. But in *dicta*, the majority seems to infer that determination of heart and lung benefits may be determined by grievance-arbitration if the language of the collective bargaining agreement so provides. Whether heart and lung benefits can be grieved involves the issue of whether the right to those benefits are rights subject to collective bargaining which may be altered or are rights conferred on the individual which may not be abridged in any manner. *See Barrentine v. Arkansas Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). This important issue was not briefed or argued and is not necessary for resolution of the case. It should not be addressed, even in *dicta*.

Accordingly, I concur in the result only.

---

5. Not being a panel member in *Kohut,* I cannot dissent and only address this issue as it affects the overall procedure set forth in *Wisniewski* and *Sidlow*.