IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph DiGregorio, : 
                 Appellant : 
                 : 
         v. : No. 232 C.D. 2023
                 : Argued: December 9, 2024
Bristol Township Police Benevolent : 
Association and Township of Bristol : 

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge (P.)
                   HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                           FILED: January 8, 2025

Joseph DiGregorio (DiGregorio) appeals the orders of the Court of Common Pleas of Bucks County (trial court), dated March 8, 2022, granting partial summary judgment in favor of Bristol Township Police Benevolent Association (Association) and Township of Bristol (Township) on three counts in his amended complaint, and the order dated February 2, 2023, finding in favor of the Township after a bench trial on the remaining fourth count. Judgment was entered against DiGregorio on July 1, 2023. DiGregorio now challenges the trial court's decision to grant partial summary judgment against him. After careful review, we affirm.

## BACKGROUND

DiGregorio worked as a Township police officer from September 2007 almost continuously until the Township removed him from this position in January 2017.[1] The Association is a union representing Township police officers. DiGregorio filed a complaint against the Association and Township on November 17, 2017, followed by an amended complaint on August 15, 2019. Count III of the amended complaint alleged the Association breached its duty of fair representation to DiGregorio. The remaining counts applied to the Township. Count I alleged a violation of the Family and Medical Leave Act of 1993 (FMLA),[2] Count II alleged wrongful termination based on a breach of the collective bargaining agreement (Agreement) between the Association and Township, and Count IV alleged a violation of the Wage Payment and Collection Law (WPCL).[3]

DiGregorio averred the Township removed him from his position as a police officer based on allegations he failed to pass annual firearms testing and mishandled police matters. DiGregorio described these allegations as a mere "pretext," alleging the Township "acted unlawfully towards [him] in an arbitrary, perfunctory, unlawful and capricious manner, in bad faith;" removed him contrary to the Agreement; and failed to pay him all the compensation he was due for unused vacation and sick time. Reproduced Record (R.R.) at 23a-29a, 32a-33a. DiGregorio averred the Association failed to protect his due process rights by filing a grievance under the Agreement or an appeal through the civil service system. Moreover, DiGregorio averred he asked

---

[1] The Township also removed DiGregorio in June 2009, but he was reinstated after a civil service appeal and returned to work in February 2010.

[2] 29 U.S.C. §§ 2601-54.

[3] Act of July 14, 1961, P.L. 637, *as amended*, 43 P.S. §§ 260.1-260.45.

for FMLA leave to care for an ailing family member in September 2016. He averred the Township approved his request but "intentionally and/or recklessly concealed" the approval from him, such that he was unable to take leave. *Id.* at 15a.

On November 23, 2021, the Township filed a motion for summary judgment. The Association filed its own motion for summary judgment on December 2, 2021, followed by an amended motion for summary judgment on December 10, 2021. The Association and Township argued DiGregorio failed to exhaust his administrative remedies by failing to file a grievance under the Agreement or an appeal through the civil service system. The Association and Township argued DiGregorio never attempted to file a grievance or an appeal and could not blame this failure on them. In addition, the Township asserted it properly removed DiGregorio from his position because he failed to pass annual firearms testing and mishandled police matters. The Township denied any FMLA violation, contending DiGregorio withdrew his FMLA request three days after it was approved.

The trial court entered orders, dated March 8, 2022, granting partial summary judgment in favor of the Association as to Count III of the amended complaint, based on failure to exhaust administrative remedies and legal insufficiency, and in favor of the Township as to Counts II and IV of the amended complaint, based on failure to exhaust administrative remedies. The trial court denied summary judgment as to the FMLA claim at Count I. On March 15, 2022, DiGregorio filed a petition requesting that the trial court amend its order granting partial summary judgment in favor of the Township to include language from Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b).[4] DiGregorio did not ask the trial court to amend its order

---

[4] Section 702(b) provides:

**(Footnote continued on next page…)**

3

granting partial summary judgment in favor of the Association. The trial court granted DiGregorio's petition by order dated March 22, 2022, and added the language from Section 702(b). The Township filed a motion for reconsideration, which the trial court denied.

DiGregorio did not file a petition for permission to appeal under Rule 1311 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1311. Instead, on April 6, 2022, he filed a notice of appeal to the Pennsylvania Superior Court from the order granting partial summary judgment in favor of the Association as to Count III, which was docketed at 1010 EDA 2022. DiGregorio filed a second notice of appeal to this Court on April 20, 2022, from the order granting partial summary judgment in favor of the Township as to Counts II and IV, as amended, which was docketed at 400 C.D. 2022. DiGregorio later discontinued both appeals.

On August 16, 2022, DiGregorio filed a petition nunc pro tunc, asking the trial court to open and supplement the record and award attorney's fees and costs against the Association for failure to disclose evidence in discovery. DiGregorio averred he found additional documents relating to his 2009 civil service appeal in "an unmarked sealed storage container in his basement" that the Association failed to disclose. Pet. Nunc Pro Tunc, 8/16/22, ¶ 15. Based on these documents, DiGregorio alleged the Association had "intentionally refused to disclose that [its] Grievance Committee

---

**(b) Interlocutory appeals by permission.--**When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b).

4

and the Civil Service Solicitor were directly involved [in] filing his civil service appeal in 2009, concealing core material discovery on the question of exhaustion in 2017." *Id.* ¶ 46. The Association and Township filed responses opposing the petition, after which the trial court entered a rule to show cause dated September 14, 2022.

On September 16, 2022, DiGregorio filed a second petition nunc pro tunc to open and supplement the record and for an award of attorney's fees and costs against the Township, citing the same documents relating to his 2009 civil service appeal. The Association and the Township filed additional responses. The Township filed a motion on October 26, 2022, in which it requested a protective order prohibiting further discovery and an award of attorney's fees and costs against DiGregorio based on his allegedly vexatious and dilatory conduct. The Association filed a motion on November 2, 2022, joining the Township's motion and requesting the same relief. The trial court entered a rule to show cause dated November 4, 2022, and DiGregorio filed an answer to the motions.

Meanwhile, DiGregorio's FMLA claim at Count I of his amended complaint proceeded to a bench trial on October 12, 2022. The trial court issued a decision and order finding in favor of the Township and against DiGregorio as to Count I dated February 2, 2023. The trial court issued an additional order dated February 3, 2023, dismissing the Township's motion for a protective order and an award of attorney's fees and costs as moot. DiGregorio did not file post-trial motions, but appealed to this Court from the March 8, 2022 summary judgment orders and February 2, 2023 bench trial order. On April 11, 2023, the Township filed a motion to dismiss DiGregorio's petitions nunc pro tunc for lack of jurisdiction. In response, the trial

court stayed consideration of DiGregorio's petitions pending disposition of his appeal.

On May 3, 2023, DiGregorio filed an application in this Court, asserting the trial court prothonotary rejected a praecipe he filed for entry of judgment. This Court granted the application on June 22, 2023, directing DiGregorio to re-file his praecipe and directing the trial court prothonotary to docket the praecipe and enter judgment accordingly. DiGregorio submitted documentation on July 24, 2023, demonstrating the entry of judgment on July 1, 2023. Subsequently, on August 1, 2023, this Court directed the parties to address whether DiGregorio preserved any claims for review, given his failure to file post-trial motions. The Township filed a motion to quash on August 4, 2023, in which it relied on DiGregorio's failure to file post-trial motions. DiGregorio filed a praecipe to discontinue his appeal of the FMLA claim on August 15, 2023, and a response on August 16, 2023. This Court denied the Township's motion to quash on September 11, 2023, recognizing DiGregorio waived his FMLA claim by failing to file post-trial motions but could challenge other claims addressed in the trial court's summary judgment orders.[5]

DiGregorio now raises the following issues on appeal. DiGregorio contends this Court lacks jurisdiction because he did not appeal from a final order, and he asks

---

[5] The Association and Township filed an application to strike in this Court on November 22, 2023, challenging portions of DiGregorio's brief and reproduced record relating to his petitions nunc pro tunc. DiGregorio filed a response and cross-application on December 6, 2023, requesting a remand to the trial court to file an amended concise statement of errors complained of on appeal addressing the petitions. Ultimately, on January 10, 2024, this Court granted the application to strike in part, denied the application to strike in part, and denied the cross-application requesting a remand. The Court concluded DiGregorio "may argue that the trial court erred insofar as it finally decided the matter before resolving the pending petitions nunc pro tunc, [but] he may not set forth any arguments concerning the merits of these undecided petitions." *DiGregorio v. Bristol Twp. Police Benevolent Ass'n* (Pa. Cmwlth., No. 232 C.D. 2023, filed Jan. 10, 2024) (per curiam order) (italics omitted).

6

that we remand for the trial court to rule on his petitions nunc pro tunc. He further challenges the trial court's decision to grant partial summary judgment against him on Counts II, III, and IV of his amended complaint, alleging wrongful termination based on a breach of the Agreement, a breach of the duty of fair representation, and a violation of the WPCL. DiGregorio argues he failed to file a grievance under the Agreement or appeal through the civil service system because the Association and Township colluded against him. He also maintains the Township failed to pay him compensation he was due at the time of his removal.[6]

## DISCUSSION

This Court reviews orders granting summary judgment for an error of law or abuse of discretion. *Balentine v. Chester Water Auth.*, 191 A.3d 799, 803 n.3 (Pa. 2018). Summary judgment should be granted only where the record indicates there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Brown-Boyd v. Se. Pa. Transp. Auth.*, 320 A.3d 872, 875 (Pa. Cmwlth. 2024). "Whether genuine issues of material fact exist is a question of law, 'and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.'" *Id.* (quoting *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007)). We must review the record "in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the

---

[6] In a separate opinion addressing the February 2, 2023 bench trial order, the trial court suggested DiGregorio's concise statement of errors complained of on appeal was excessively lengthy, which warranted waiver of his issues. Trial Ct. Op., 4/28/23, at 7-8. We disagree. Although DiGregorio's concise statement was "longer than what may be necessary" he identified the issues he intended to raise without excessive redundancy, "and the statement was not so incoherent or vague that it was impossible to discern th[ose] issues." *Vazquez-Santiago v. Dep't of Transp., Bureau of Driver Licensing*, 268 A.3d 16, 25 (Pa. Cmwlth. 2022) (en banc).

7

moving party." *Howarth v. Falls Twp.*, 310 A.3d 336, 343 (Pa. Cmwlth. 2024) (quoting *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 195 (Pa. 2007)).

## A. Jurisdiction

In his first issue, DiGregorio questions this Court's jurisdiction and requests we remand the case to the trial court.[7] DiGregorio emphasizes his petitions nunc pro tunc to open and supplement the record and award attorney's fees and costs remain pending in the trial court, along with the responsive filings from the Association and Township. DiGregorio's Br. at 26-33. Further, DiGregorio contends the trial court improperly failed to rule on his petitions before the entry of final judgment. *Id.* at 33-35. He maintains "it was manifestly unreasonable and an abuse of discretion for the trial court . . . to write in a vacuum, not explain its rationale, ignore the parties and their positions, stay the proceeding and not adjudicate the petitions." *Id.* at 33-34. DiGregorio argues we should remand the case because the claims raised in his petitions "will be irretrievably lost if his appeal fails to sustain in this Court without adjudication of the petitions . . . potentially changing the outcome of his appeal." *Id.* at 34-35.

This Court has jurisdiction to hear appeals from only final orders, unless an appeal from a non-final order is permitted under a statute or rule. *Mahoning Twp. v. Zoning Hearing Bd.*, 320 A.3d 861, 867 (Pa. Cmwlth. 2024). Generally, a final

_____

[7] In his appellate brief, DiGregorio appears to contend this Court lacks jurisdiction because he did not appeal from a final order. *See* DiGregorio's Br. at 20-21, 26 (asserting the summary judgment orders "are not properly reviewable in this Commonwealth Court on jurisdictional grounds" under Pennsylvania Rule of Appellate Procedure 341, Pa.R.A.P. 341, and referring to this Court's "[l]ack of jurisdiction"). At oral argument before the panel, counsel for DiGregorio asserted he did appeal from a final order but requested that we remand in the interest of judicial economy. For the reasons discussed below, we conclude this Court has jurisdiction, and it would better serve the interests of judicial economy to address DiGregorio's issues now rather than remand and hear the same issues in a later appeal.

8

order is one that "disposes of all claims and of all parties" or is entered as a final order because "an immediate appeal would facilitate resolution of the entire case." Rule 341(b)(1), (3), (c) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 341(b)(1), (3), (c). In the context of a case requiring motions for post-trial relief under Pennsylvania Rule of Civil Procedure 227.1, Pa.R.Civ.P. 227.1, it is the entry of judgment after disposition of the motions that constitutes the appealable final order. *Wolk v. Sch. Dist. of Lower Merion*, 197 A.3d 730, 741 n.16 (Pa. 2018).

In its March 8, 2022 orders, the trial court granted partial summary judgment against DiGregorio as to Counts II, III, and IV of his amended complaint. The trial court later entered its February 2, 2023 order, finding against DiGregorio as to Count I of the amended complaint after a bench trial. DiGregorio filed a premature notice of appeal before entry of judgment. *See* Pennsylvania Rule of Appellate Procedure 905(a)(5), Pa.R.A.P 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Nonetheless, with this Court's assistance, DiGregorio filed a praecipe for entry of judgment with the trial court prothonotary. The summary judgment orders, bench trial order, and entry of judgment disposed of all claims in the amended complaint as to all parties and, thus, rendered the matter final and appealable. *See Wolk*, 197 A.3d at 741 n.16.

It was not necessary for the trial court to decide DiGregorio's petitions nunc pro tunc before the entry of final judgment. The trial court's February 2, 2023 bench trial order involved only Count I of DiGregorio's amended complaint, alleging an FMLA violation. DiGregorio filed his petitions to open and supplement the record as to summary judgment and alleged after-discovered evidence regarding his 2009 civil service appeal, which does not pertain to his FMLA claim. Regardless, the trial

9

court may rule on DiGregorio's petitions after this Court decides his appeal. Even if the trial court denies the petitions, the result will be another appealable order, and DiGregorio's claims will not be lost. *See* Pennsylvania Rule of Appellate Procedure 311(a)(1), Pa.R.A.P. 311(a)(1) (orders refusing to open a judgment are appealable as of right).[8] Accordingly, this Court has jurisdiction over DiGregorio's appeal, and we discern no basis to remand to the trial court.

**B. Counts II and III**

DiGregorio next challenges the trial court's grant of summary judgment with respect to Counts II and III of his amended complaint, alleging wrongful termination based on a breach of the Agreement against the Township, and a breach of the duty of fair representation against the Association. "A union is a trustee for the rights of its members and owes its members a duty of fair representation." *Dailey v. Pa. Lab. Rels. Bd.*, 148 A.3d 920, 924 n.4 (Pa. Cmwlth. 2016). We have explained a union breaches the duty of fair representation "if its actions towards its members are due to 'arbitrariness, discrimination or bad faith.'" *Connelly v. Steel Valley Educ. Ass'n*, 119 A.3d 1127, 1134 (Pa. Cmwlth. 2015) (quoting *Casner v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 658 A.2d 865, 870 (Pa. Cmwlth. 1995)). Further, case law provides a public employee cannot proceed against an employer for breach of a labor contract governed by state collective bargaining laws, unless the employee "shows, by specific facts, that the employer actively participated in the union's bad faith or that the employer conspired or colluded with the union to deny the employee his rights under the labor contract." *Garzella v. Borough of Dunmore*, 62 A.3d 486, 494 (Pa. Cmwlth. 2013) (collecting cases).

---

[8] *See also Ettelman v. Dep't of Transp., Bureau of Driver Licensing*, 92 A.3d 1259, 1262-63 (Pa. Cmwlth. 2014) (discussing the requirements for opening a judgment because of after-discovered evidence).

10

While employed as a Township police officer, DiGregorio was subject to the Agreement between the Township and the Association. The Agreement provides a grievance procedure "[i]n the event of a dispute as to the interpretation of any of the Articles of this Agreement and any disciplinary suspensions, removals or reductions in rank." R.R. at 195a. Alternatively, the Agreement permits an officer to proceed "through the established civil service rules." *Id.* at 196a. An officer who chooses to challenge a disciplinary suspension, removal, or reduction through the civil service rules waives the right to the grievance procedure. *Id.* The civil service rules direct the Township to provide notice within five days of voting to impose a disciplinary action against a police officer. Suppl. R.R. at 133b. The officer may file an appeal within 10 days of receiving notice. *Id.*

DiGregorio concedes he did not file a grievance and instead chose to appeal under the civil service system. DiGregorio's Br. at 13. DiGregorio did not, however, file an appeal within 10 days of receiving notice of his removal on January 20, 2017. *Id.* at 12-14. DiGregorio contends he tried to appeal by e-mailing the Association's President, Timothy Fuhrmann (Fuhrmann), on January 23, 2017, but Fuhrmann took no action on his behalf. *Id.* at 41-45. DiGregorio insists it was Fuhrmann's duty to respond to his January 23, 2017 e-mail, protect his appeal rights, and communicate with him about the appeal. *Id.* at 44. He contends Fuhrmann should have told him "what to do" upon receiving the e-mail, but "did nothing and consciously allowed the 10-day appeal period to expire and with it, [his] police career." *Id.* at 45.

DiGregorio maintains the Association and Township "worked in tandem to defeat [his] civil service appeal." DiGregorio's Br. at 23. DiGregorio contends his removal was contrary to the terms of the Agreement. *Id.* at 47-49. He emphasizes Fuhrmann was the Association's president but also worked as a police detective for

the Township and reported directly to the police lieutenant who helped assemble the disciplinary charges. *Id.* at 47-50. DiGregorio assails "Fuhrmann's position that the first he knew of the proposed charges was January 17, 2017," contending Fuhrmann received the charges via e-mail on January 14, 2017. *Id.* at 50. DiGregorio asserts Fuhrmann would have known he had no way to file a civil service appeal on his own because the civil service office is located at the same address as the Association and Township police department, and he was locked out after his removal. *Id.* at 51-52. Moreover, DiGregorio argues the Association and Township offered him a release of claims in exchange for the compensation he was due. *Id.* at 53. He maintains the Association had no reason to seek a release from him because it "had nothing to do" with his removal. *Id.* at 53-54.

The record contains the e-mail exchange between DiGregorio and Fuhrmann regarding DiGregorio's intent to file his appeal through the civil service system. On January 23, 2017, DiGregorio sent the following:

> On Tuesday 1-17-16, after my work shift at 1500 hours, I received paperwork regarding a proposed termination from the Public Safety Director. He told me he was submitting the paperwork to the Managing Director. I was told by Director Coulton I was being put on "Paid Leave" and not [to] return or enter the building until Lt. Johnson or himself calls me. I am currently blocked from checking or utilizing my work E-Mail or POSS.[9]

> On Friday 1-20-17, about 1400 hours, Sgt. Chuck Burns dropped off a sealed manila envelope containing the Managing Director's decision to dismiss me from my duties as an Officer.

> I would request the [Association] request those documents for review.

> I will elect to contest through Civil Service and I am currently in contact with an [Fraternal Order of Police (FOP)] Lodge 53 member.

---

[9] Fuhrmann described POSS as "our scheduling program." R.R. at 89a.

> Communication with me can be done through e-mail address . . . and my cell phone . . . .
>
> ***Please Reply To Confirm You Received This E[-]MAIL***

R.R. at 39a-40a.

Fuhrmann replied to DiGregorio's e-mail the next day, on January 24, 2017, as follows:

> I have received your e[-]mail.
>
> You should have apprised the [Association] of your situation earlier, and not have waited until you were actually terminated.
>
> Please keep me posted if you need any guidance or assistance.

R.R. at 41a (unnecessary capitalization omitted).

Regarding the e-mail exchange between DiGregorio and Fuhrmann, the trial court explained there was "[a]t most . . . a miscommunication" and not bad faith on the part of the Association. R.R. at 243a. The trial court reasoned DiGregorio had "essentially informed Fuhrmann . . . he elected to pursue a [c]ivil [s]ervice [a]ppeal and was in contact with a FOP Lodge 53 [m]ember to assist him," but did not express or imply he expected Fuhrmann to file the appeal for him. *Id.* Further, the trial court rejected DiGregorio's allegation that the Association and Township colluded against him. *Id.* The trial court explained DiGregorio's assertions "appear[ed] to be nothing more than unsubstantiated conspiracies and baseless allegations" without support in the record. *Id.* at 244a.

We agree with the trial court's assessment. DiGregorio did not expressly ask Fuhrmann to file a civil service appeal on his behalf and suggested he would receive assistance with an appeal from FOP Lodge 53. Additionally, Fuhrmann's response

13

indicates he did not believe DiGregorio was asking the Association to file an appeal. Fuhrmann explained he could provide "guidance or assistance," which should have apprised DiGregorio that he needed to clearly ask for Fuhrmann's help in filing an appeal if that was his intent. Fuhrmann's response to DiGregorio and failure to file an appeal do not demonstrate "arbitrariness, discrimination or bad faith" necessary to support a fair representation claim. *See Connelly*, 119 A.3d at 1134.

DiGregorio's allegations of collusion between the Association and Township are unpersuasive. These allegations suggest it was possible for the Association and Township to collude against DiGregorio but do not indicate any collusion occurred. Whether Fuhrmann knew about the charges against DiGregorio on January 14, 2017, or January 17, 2017, makes no difference. Both dates were before DiGregorio was removed on January 20, 2017, and before he sent the e-mail to Fuhrmann on January 23, 2017. Once again, DiGregorio's e-mail did not expressly ask Fuhrmann to file an appeal, and Fuhrmann responded by offering "guidance or assistance" if needed. R.R. at 41a. It was also reasonable for the Association to be involved in negotiating a release, given that it represented DiGregorio as his union. Part of the proposed release provided the Association would waive its right to file claims on DiGregorio's behalf. *Id.* at 181a-82a. In addition, the release required DiGregorio to agree he was satisfied with the Association's representation. *Id.* at 182a. Although DiGregorio insists there was no reason for the Association to seek a release from him, the fact he went on to sue the Association disproves his point. We discern no basis to disturb the trial court's summary judgment orders with respect to Counts II and III.

**C. Count IV**

Lastly, DiGregorio challenges the grant of summary judgment as to Count IV of his amended complaint, alleging a violation of the WPCL. DiGregorio contends

14

the Township failed to pay him compensation he was due at the time of his removal. DiGregorio's Br. at 58. He asserts the Township acknowledged the compensation in its proposed release agreement and in a W-2 Internal Revenue Service form and earnings summary he received in January 2022. *Id.* DiGregorio maintains nothing in his WPCL claim involves or requires interpretation of the Agreement. *Id.* at 56, 60. Moreover, he argues he had no way to know he would not receive the compensation until after his final pay cycle ended, at which point the time to file a grievance or appeal had already expired. *Id.* at 56-60.

The trial court granted summary judgment on the basis that DiGregorio failed to exhaust his administrative remedies. R.R. at 245a. According to the trial court, DiGregorio conceded in his amended complaint that any unpaid compensation due to him "derived from the [Agreement]," and, therefore, he needed to file a grievance or appeal to pursue his claim. *Id.* at 244a-45a. The trial court did not conclude or explain why DiGregorio's claim under the WPCL involves "the interpretation of any of the Articles of this Agreement" or a dispute regarding "disciplinary suspensions, removals or reductions in rank" such as to invoke the Agreement's grievance or civil service appeal procedure. *Id.* at 195a.

Nonetheless, we agree DiGregorio is not entitled to relief with respect to his WPCL claim. The WPCL defines "Employer" as "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." Section 2.1 of the WPCL,[10] 43 P.S. § 260.2a. This Court has held the WPCL does not apply to municipal corporations, such as the Township, because they are not "Employers" as defined in Section 2.1. *Huffman v. Borough*

---

[10] Added by the Act of July 14, 1977, P.L. 82.

15

*of Millvale*, 591 A.2d 1137, 1139 (Pa. Cmwlth. 1991). Even accepting DiGregorio's claim falls outside the Agreement's grievance and civil service appeal procedure, he could not bring a WPCL claim against the Township.

## CONCLUSION

Based on the foregoing, the trial court disposed of all claims and all parties in DiGregorio's amended complaint, granting this Court jurisdiction to reach the merits of his appeal. We also reject DiGregorio's challenge to the orders granting partial summary judgment as to Counts II, III, and IV of his amended complaint, alleging wrongful termination based on a breach of the Agreement, a breach of the duty of fair representation, and a violation of the WPCL. Thus, we affirm the trial court's orders dated March 8, 2022, and February 2, 2023, as made final by the judgment entered July 1, 2023.

_____
STACY WALLACE, Judge

Judge Dumas did not participate in the decision of this case.

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph DiGregorio,            :
             Appellant   :
                       :
        v.           :  No. 232 C.D. 2023
                       :
Bristol Township Police Benevolent   :
Association and Township of Bristol   :

## **O R D E R**

**AND NOW**, this 8th day of January 2025, the orders of the Court of Common Pleas of Bucks County, dated March 8, 2022, and February 2, 2023, as made final by the judgment entered July 1, 2023, are **AFFIRMED**.


_____
STACY WALLACE, Judge